IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

FILED
SCRANTON
MAR 1 3 2006
PER _____ DEPUTY CLERK

TIMOTHY A. HALE,
        Plaintiff,

Vs.

CHIEF SECRETARY JEFFREY BEARD,
Pennsylvania Department of Corrections;
DENTAL DEPARTMENT, SCI Rockview;
INMATE ACCOUNTING OFFICE, SCI Rockview;
SUPERINTENDANT F.J. TENNIS
        Defendants.

CIVIL ACTION

No. 3:CV-04-2704

(Judge James M. Munley)

AMENDED COMPLAINT
(supplemented)

PLAINTIFF, AGAIN, RESPECTFULLY REQUESTS THIS
HONORABLE COURT TO INSTITUTE A CONTROL NUMBER WITH THE PA.DOC

THIS AMENDED COMPLAINT IS SUBMITTED ACCORDING TO THE PROVISIONS OF
THE FEDERAL RULES OF CIVIL PROCEDURE, RULE 15(a) AND IN ACCORDANCE
WITH THE UNITED STATES COURT OF APPEALS ORDER DATED FEBRUARY 27, 2006.
This filing is submitted with Exhibits A, B, C and are to be herein
incorporated for all purposes.

TYPE OF PLEADING:

AMENDED COMPLAINT

SUBMITTED ON BEHALF OF:

TIMOTHY A. HALE, Plaintiff

COUNSEL OF RECORD:

TIMOTHY A. HALE, pro se

SUBMITTED BY:

TIMOTHY A. HALE
SCI Rockview, FR-0255
Route 26, Box A
Bellefonte, PA 16823

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

TIMOTHY A. HALE,
          Plaintiff,

Vs.

CHIEF SECRETARY JEFFREY BEARD,
Pennsylvania Department of Corrections;
DENTAL DEPARTMENT, SCI Rockview;
INMATE ACCOUNTING OFFICE, SCI Rockview;
SUPERINTENDANT F.J. TENNIS
          Defendants.

CIVIL ACTION

No. 3:CV-04-2704

(Judge James M. Munley)

## AMENDED COMPLAINT

NOW COMES, Plaintiff, Timothy A. Hale, pro se and in forma pauperis and files this Amended Complaint asserting a Constitutional Claim for what plaintiff believes are violations of his civil rights and liberties.

### I. JURISDICTION & VENUE

1.   This civil action is authorized by 42 U.S.C. §1983 to redress the deprivation, under color of state law, of rights secured by the U.S. Constitution. This court has jurisdiction pursuant to 28 U.S.C. §1331 & 1343(a)(3). Plaintiff seeks declaratory relief, injunctive relief, and compensatory damages, punitive damages, and costs incurred in the suit.

2.   The Middle District is an appropriate venue pursuant to 28 U.S.C. § 1391(b)(2) because it is where the events giving rise to this claim occured.

### II. PLAINTIFF

3.   Plaintiff, Timothy A. Hale, is and was at all times mentioned in this Amended Complaint a prisoner of the State of Pennsylvania in the custody of the Pennsylvania Department of Corrections. Plaintiff is currently confined in SCI Rockview located in Bellefonte, Pennsylvania.

### III. DEFENDANTS

4. Defendant, Jeffrey Beard is the Chief Secretary of the Penn. Dept. of Corrections. He is legally responsible for the overall operation of all institutions under its jurisdiction, including SCI Rockview. Through the Grievance procedures undertaken by plaintiff, this defendant is well aware of the subject matter complained of by the plaintiff.

5. Defendant, Franklin J. Tennis is the Superintendent of SCI Rockview and is legally responsible for the operation of the facility and the welfare of all inmates in the prison. This defendant, through the grievance procedures, is well aware of the subject matter complained of by the plaintiff.

6. SCI Rockview's Inmate Accounting Department:

   6a. Defendant, Francis M. Dougherty is the Business Manager, he is responsible for the handling of Inmate's monies.

   6b. Defendant, Earl E. Walker is also an employee of SCI Rockview in the Inmate Accounting Department and is responsible for the handling of Inmate's monies.

   6c. Defendant, Raumond Cingel, to the best of plaintiff's knowledge, is also an employee of SCI Rockview in the Inmate Accounting Dept. and is responsible for the handling of Inmate's monies.

7. At all times mentioned herein the defendants, all, acted "under color of state law."

8. The defendants, all, are sued in their individual and official capacity.

### IV. FACTS

9. Plaintiff was convicted and then sentenced in January of 2004. Part of plaintiff's sentence consisted of costs, fines and restitution.

. 2 .

10. Plaintiff filed a timely appeal. Under Pennsylvania Law, 42 Pa. C.S.A. §5105(e), an appeal acts as a superseadeas an precludes any further proceedings. See also PA.R.A.P., Rule 1701(a). Plaintiff did proceed *in forma pauperis* in the criminal proceedings and therefore is not required to post any appeal bond. That is the law, not a conclusion of law. To the extent that the reader contrues it as a conclusion, it is avered as being honestly believed by the plaintiff.

11. It is believed by the plaintiff that under Pennsylvania Law, wages, and money given to a person can only be seized for the purpose of paying a financial obligation after a person has been given due process and then declared in default of his or her financial obligation. This belief is based on plaintiff's interpretation of Title 42 Pa.C.S.A. §8127(a) and several Pennsylvania cases relevant to this subject matter.

12. Upon arrival in the Department of Corrections (DOC), SCI Rockview, the defendants, all, caused monies to be seized from plaintiff's prison account to pay costs, fines and restitution resulting from his criminal conviction which was being legally contested.

13. The County of Greene, Pennsylvania, did not request the DOC to seize plaintiff's monies. The action was taken by the defendants, all, without request and pursuant to 42 Pa.C.S.A. §9728 et seq. commonly refered to as Act 84 and DOC Policy DC ADM-005 collection of Inmate debts.

14. Plaintiff's interpretation of Act 84 states that costs, fines and restitution are not "debts." It is also believed by plaintiff that said financial obligations are not considered debts for the purpose of credit needed for loans and the like.

15. It is also believed by plaintiff that Act 84 is a procedure and that is why the DOC does implement it retroactively to Inmates that were in the DOC long before the enactment of said Act. This belief is based on plaintiff's interpretation of several Commonwealth Court cases. "It is procedural in nature not penal," and therefore is not an Ex Post Facto violation to Inmates incarcerated before its creation.

16.     Plaintiff has never been declared in default. Defendants, all, are proceeding to seize plaintiff's monies from his prison account.

17.     Plaintiff was never given any NOTICE that his monies would be seized.

18.     Plaintiff was never given any hearing what so ever let alone been declared in default of any financial obligation.

19.     Plaintiff believes and therefore strongly asserts that the seizure of his personal property from his Inmate account is erroneous and is done recklessly.

20.     Just because plaintiff was sentenced to pay fines, ect. does not automatically inform plaintiff that persons (the defendants) would be seizing his monies aquired at @ .33¢ an hour to pay fines imposed in the same amount as a person who can work and make normal wages. This action alone is an extreme financial hardship as a person (the plaintiff) will have to work to pay a small financial obligation for an incredibly long time. Depending on your job, you could work for 20 yrs. and never pay a $5,000.00 dollar fine!

21.     Plaintiff is not learning any financial responsibility as the funds are seized and not voluntarily produced to diminish   the financial obligation.

22.     As a result of defendant's, all, actions, plaintiff filed a grievance to notify the defendants that his conviction had been appealed. At that time, plaintiff also pointed out the information located in paragraphs 10 through 19. The grievance process was to no avail.

23.     Right after plaintiff filed this civil action, defendants, all, began to seize improper amounts of money from plaintiff's prison account to pay legal fees voluntarily incurred by plaintiff and owed to the U.S. District Court, Western District, Pennsylvania. Defendants, all, knew plaintiff filed this action when the adverse actions occured.

24. After the conduct described in ¶23 occured, defendants, all, seized monies to pay plaintiff's cable bill where plaintiff no longer had funds. Defendants, all, put the plaintiff in debt for cable after they charged too much for the legal fees.

25. The action described in ¶24 is inconsistant with DOC Policy and the cable agreement signed by plaintiff.

26. Defendants will not allow plaintiff to go into debt voluntarily to have copies made or to send Legal Mail.

27. Plaintiff realleges ¶ 22 - ¶26 as specifically pleaded herein. It is believed by plaintiff that defendants were retaliating against him for filing this action in this court. This type of adverse action never happened before, but it happens all the time now.

28. Plaintiff also never received the Order issued by this court on February 8, 2005. Since plaintiff believes the Clerk mailed it, the mail-persons deliver the mail, this institution "trapped" the mail in an effort to get this case out of court because, it is believed, defendants know that with plaintiff's case under appeal, their actions are illegal.

29. Plaintiff strongly asserts that said "trapping" of his mail was an adverse action(to which plaintiff did suffer because he ended up filing a Mandamus to get some Order and that cost plaintiff $250.00 dollars) and it was in retaliation for the filing of this civil action.

30. SCI Rockview opens legal mail outside of the Inmates presence and it is believed that staff members read, tamper with, and censor all legal mail. In order for a prisoner to aquire his legal mail unopened and thereby also confidential, the court or attorney must establish a control number with the DOC. Plaintiff has tried to get a number of courts to take this extra-ordinary measure to ensure the integrity of legal mail, but so far no court, including this one and the 3rd Circuit Court of Appeals will do what the DOC requires them to do.

31.  The actions described in ¶27 - ¶30 will prevent this plaintiff and several other Inmates from ever filing a civil action against the DOC in the future. If a person does file one, the DOC will just "trap" the mail.

32.  It is believed that the DOC knows that their legal mail policy does deter Inmates from filing civil actions. The implementation of their legal mail policy was an adverse action specifically designed to violate all Inmates civil rights concerning access to the court because it deters the filing of said actions. (DC-ADM 803)

## V. EXHAUSTION OF LEGAL REMEDIES

33.  Plaintiff, Timothy A. Hale, used the grievance system here at SCI Rockview which leads to DOC Headquarters in Camp Hill, Pennsylvania to inform defendants of the actions stated herein and seek resolution of same.

34.  Specifically, plaintiff used the grievance system to complain about the seizure of his monies, the adverse actions that occured after he filed this lawsuit and the legal mail policy which deters plaintiff from seeking redress in the court without an outside attorney. Most of this paperwork is already in the record, but plaintiff has attached specific documentation anyway. Documents presented as though specifically pleaded herein.

35.  Defendants Jeffrey Beard and Franklin Tennis are a part of the grievance procedure and are therefore aware of the events described herein, but willingly chose to ignore the plaintiff.

36.  It is believed that the defendants from the Inmate accounting dept. were consulted concerning the deductions from plaintiff's account.

37.  Plaintiff strongly asserts that there is no State Court exhaustion requirement to pursue a §1983 claim. This is not a Habeas Corpus action.

## VI. LEGAL CLAIMS

38.  Plaintiff realleges and incorporates by reference paragraphs 1 - 37 as though fully pleaded herein. Plaintiff believes that:

## COUNT I

39.    The defendants, all, seizing plaintiff's monies from his prison account without a NOTICE, without a hearing, without a declaration of default, without the request of Greene County, Pennsylvania thereby having the sentencing judge's approval, and with plaintiff's conviction and sentence being appealed violated plaintiff's rights and constituted illegal seizure of personal property without due process of law under the Fourth & Fourteenth Amendments of the United States Constitution by persons acting "under color of state law."  See Exhibit A.

## COUNT II

40.    The defendants, all, from the Inmate accounting department at SCI Rockview, seizing plaintiff's monies not in accordance with the U.S. District Court's Order and against DOC Policy concerning those types of "legal fee" payments and DOC Policy concerning Cable Deductions and the Cable Agreement were adverse actions taken soley because plaintiff filed this civil action against them and others violated plaintiff's rights and constituted retaliation for the plaintiff's exercising of his Constitutional Right to redress grievance in a court under the First Amendment of the United States Constitution by persons acting "under color of state law." See Exhibit A, and C.

41.    The defendants, Jeffrey Beard and Franklin J. Tennis by instituting and inforcing the DOC legal mail Policy DC ADM-803 which allows staff to open legal mail (court mail) outside the Inmates presence encourages staff to read, tamper with, and "trap" legal mail thereby detering plaintiff & (other Inmates) from seeking redress in a court because this institution "trapped" my February 8, 2005 Order from this court violating plaintiff's rights and constituted retaliation for plaintiff's exercising of his Constitutional Right to redress grievance in a court under the First Amendment of the United States Constitution by persons acting "under color of state law." See Exhibit B.

42.    Plaintiff believes that at all times mentioned herein, defendants, all, acted knowingly, willfully, and  malicious  with the intention of causing harm to plaintiff. Plaintiff has suffered financial losses and the loss of his First Amendment Right to access a Court without a lawyer with the expectation of achieving redress of grievance. Plaintiff needs his money and he needs to receive, without tampering, his legal mail. (as do all Inmates similarly situated) See Exhibit A, B, & C.

. 7 .

## COUNT III

43.	Plaintiff realleges and incorporates by reference paragraphs 1 through 42 as though specifically pleaded herein to support a claim that a fact finder may conclude an Eighth Amendment violation. The plaintiff believes and therefore asserts that his sentencing judge did not expect as part of plaintiff's punishment his civil rights and liberties would be repeatedly violated during his incarceration.

44.	The Honorable H.T. Grimes, Court of Common Pleas of Greene County, Pennsylvania, did not inform plaintiff his wages and monotary gifts would be seized without due process of law, said judge did not sentence plaintiff to be retaliated against in the event plaintiff felt the need or experienced the want to redress a grievance in a court. Said judge also did not sentence plaintiff to a campaign of harassment for the filing of a civil action. Said judge also did not sentence plaintiff to experience any harm instituted willfully or maliciously.

45.	Plaintiff believes that the contents of paragraphs 43 through 44 as pleaded violated his rights under the Eighth Amendment of the U.S. Constitution relating to cruel and unusual punishment. Plaintiff's judge did not sentence him to the acts described in this Amended Complaint, but the defendants, all, chose to do what they did as pleaded herein anyway.
			See Exhibit A, B, & C.

46.	Plaintiff believes that the culpable conduct of the defendants was the proximate cause of the injuries sustained by plaintiff.

47.	Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs described herein. Plaintiff has been and will continue to be irreparably injured by the culpable conduct of the defendants, all, unless this court grants the Declaratory and injunctive relief which the plaintiff seeks.

48.	All facts related by plaintiff in this Amended Complaint are true and all averments made as believed by the plaintiff are honestly believed by the Plaintiff.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that this Honorable Court enter a judgement granting plaintiff:

49. A declaration that the acts and omissions described herein did violate plaintiff's rights under the Constitution and laws of the United States of America.

50. A preliminary and perminent injunction ordering defendants, all, to stop seizing plaintiff's monies pursuant to Act 84.

51. A preliminary and perminent injunction ordering defendants Jeffrey Beard and Franklin J. Tennis to discontinue the practice of opening all legal mail (court mail) outside Inmates presence and to keep records of same showing that Inmate did sign for his legal mail.

52. Compensatory damages in an amount to be determined by a Judge or a jury against each defendant jointly and individually.

53. Punitive damages in an amount of $1,000,000.00 dollars[1] in a clear attempt to deter the defendants from repeating the described actions in this Amended Complaint, and because defendants maliciously continued the described actions after plaintiff undertook measures to resolve this in a manner that did not involved any court. They forced plaintiff to sue.

54. A jury trial on all issues triable by a jury.

55. All costs incurred by plaintiff in the enforcement of his civil rights and liberties.

56. Any additional relief this Honorable Court deems just, proper, and equitable.

---

1. Actual amount to be determined by a jury.

Respectfully Submitted,

Dated: March 6, 2006

*Timothy A. Hale*
Timothy A. Hale, pro se
SCI Rockview, FR-0255
Route 26, Box A
Bellefonte, PA  16823

## VERIFICATION

I, Timothy A. Hale, the within plaintiff, do hereby declare, certify and verify, under penalty of perjury, Title 28 U.S.C. §1746, that the averments, claims, and expressed beliefs are true and correct to the best of my information, knowledge, and honest belief. Plaintiff has not, in any way, intentionally misrepresented any named defendant.

By:

Dated: March 6, 2006

*Timothy A. Hale*
Timothy A. Hale



Mr. Timothy A. Hale
FR-0255
SCI-Rockview
Box A
Bellefonte, PA 16823

INMATE MAIL
PA DEPT OF
CORRECTIONS

$ 06.8
MAR 06
MAILED FROM ZIP CODE
0004383958
02 1A

RECEIVED
SCRANTON
MAR 13 2006
MARY E. D'ANDREA, CLERK
Per _____ DEPUTY CLERK

OFFICE OF THE CLERK
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA
WILLIAM J. NEALON FEDERAL BLDG. & U.S. COURTHOUSE
235 NORTH WASHINGTON AVENUE
P.O. BOX 1148
SCRANTON, PA  18501-1148

2 of 2

___Legal___ ___Mail___