IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TIMOTHY A. HALE,<br>Plaintiff, | : | CIVIL ACTION NO. 3:CV-04-2704 |
| | : | |
| | : | (Judge Munley) |
| v. | : | |
| | : | |
| PENNSYLVANIA DOC, ET AL.,<br>Defendants | : | |

## MEMORANDUM AND ORDER

Presently before the court is defendants' motion to partially dismiss (Doc. 57) plaintiff Timothy A. Hale's ("Hale") amended complaint (Doc. 46) filed pursuant to 42 U.S.C. § 1983. For the reasons set forth below, the motion will be granted. Hale also filed a motion for a preliminary injunction (Doc. 61), which will be denied as moot.

**I. Motion to Dismiss**

    A. Background

Hale initially filed this action on December 15, 2004. (Doc. 1). Twice thereafter, he amended his complaint. (Docs. 6, 13). By Memorandum and Order dated February 8, 2005, the matter was dismissed, on preliminary screening, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). (Doc. 15). Hale then moved for reconsideration. The motion was denied. (Doc. 32). Hale filed an appeal. (Doc. 33). On February 27, 2006, the United States Court of Appeals for the Third Circuit vacated the order of dismissal and remanded the matter for further proceedings. (Docs. 48, 51).

Hale filed yet another amended complaint. (Doc. 46). Therein, he alleges that

defendants' withdrawal of money from his prison account pursuant to 42 PA. CONS. STAT. § 9728(b)(5), commonly referred to as Act 84, and DC ADM-005, violates his right to due process under the Fourth and Fourteenth Amendments, and constitutes cruel and unusual punishment in violation of the Eighth Amendment. He also alleges that defendants' interference with his mail denied him access to the courts. Lastly, he alleges that defendants retaliated against him for the filing of this lawsuit. Defendants move to dismiss all but the retaliation claim.

B. Standard of Review

When evaluating a motion to dismiss, the court must accept all material allegations of the complaint as true and construe all inferences in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). The court assumes the truth of plaintiff's allegations, and draws all favorable inferences therefrom. See Rocks v. City of Philadelphia, 868 F .2d. 644, 645 (3d Cir.1989). A complaint should not be dismissed for failure to state a claim unless it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 44-46 (1957); Ransom v. Marrazzo, 848 F.2d 398, 401 (3d Cir. 1988). A complaint that sets out facts which affirmatively demonstrate that the plaintiff has no right to recover is properly dismissed without leave to amend. Estelle v. Gamble, 429 U.S. 97, 107-108 (1976).

C. Discussion

1. Stay of Order

Hale contends that "Pa.C.S.A. § 5105(e). . . does act as a supersedeas and thereby

prevents further proceedings" while his criminal appeal is pending. (Doc. 60, p. 12). Hale is mistaken. "Supersedeas or stay of proceedings is generally the subject of statutory provision, and consequently an appeal does not in the absence of a statute operate as a stay without an express order of the court to that effect." Commonwealth v. Healey, 149 Pa.Super. 497, 501, 27 A.2d 557 558 (1942) citing 24 C.J.S., Criminal Law, § 1716, a, p. 415; 17 C.J. p. 107. Section 5105(e) states that "an appeal shall operate as supersedeas to the extent and upon the conditions provided or prescribed by law." "It is clear that a supersedeas in criminal matters is not a privilege and that it must be requested by defendant from either the lower court or the appellate court." Commonwealth v. Alloway, 27 Pa. Cmwlth.132, 135; 365 A.2d 710, 712 (1976). See also Slomnicki v. Allegheny County Health Dept., 114 Pa. Cmwlth, 41, 538 A.2d 122 (1988); Commonwealth v. Reiprish, 350 Pa.Super. 56, 60, 504 A.2d 240, 243 (1986) (holding that "cases that restrict supersedeas in criminal matters reflect a concern that an appeal not automatically stay the execution of a sentence"). There is nothing in the record to indicate that either the trial or appellate court entered an order staying the defendants' ability to deduct money from Hale's inmate account. Hale's argument is therefore without merit.

2. Fifth and Fourteenth Amendments

Hale alleges that the Department of Corrections'("DOC") policy, DC-ADM 005, "Collection of Inmate Debts," issued pursuant to 42 Pa. C.S. § 9728 (b)(5), violates the Fifth and Fourteenth Amendments in that it does not provide him with due process prior to depriving him of funds in his inmate account. A prisoner has a protected property interest in the funds in his

inmate account. See e.g., Higgins, 293 F.3d at 693; Tillman, 221 F.3d 421. Although in initially considering Hale's claim this court recognized the protected property interest in the inmate account, it was concluded that the postdeprivation remedy provided by the state was adequate and the case was dismissed. In rejecting this approach (Doc. 51-2, p. 4), the United States Court of Appeals for the Third Circuit observed as follows:

> The Pennsylvania Supreme Court has recently spoken on the issue of what process is due in this situation. In Buck v. Beard, 583 Pa. 431, 877 [sic][1] A.2d 157 (2005), the Court considered a challenge by inmate Darryl Buck to the withdrawal of funds from his prison account for court costs, fines and restitution pursuant to 42 PA. CONS. STAT. ANN. § 9728(b)(5). Buck argued that due process required an individualized judicial determination of his ability to pay before the Department of Corrections could deduct payments from his account for fines, costs, or restitution. Id. at ___, 877 [sic] A.2d at 159-60. The Court rejected Buck's position, holding that because the statute became effective two years prior to the imposition of his sentence, and because he had been afforded an opportunity to present evidence at his sentencing hearing to persuade the court not to impose fines, costs, or restitution, he had received sufficient notice and an opportunity to be heard to satisfy the requirements of due process. Id. at ___; 877 [sic] A.2d at 160. The Court therefor concluded that, under the circumstances, the application of section 9728(b)(5) did not violate Buck's right to due process. Id. at ___; 877 [sic] A.2d at 162.
>
> We have not yet addressed the specific issue of what constitutes due process under the federal Constitution in this situation. Traditionally, in assessing a procedural due process claim, we will balance the private interest, the government interest, and the value of the available procedure in safeguarding against an erroneous deprivation of property. See Tillman [v. Lebanon County Corr. Facility, 221 F.3d 410] at 421 [(3d Cir. 2000)]; see also, Mathews v. Eldridge, 424 U.S. 319, 335 (1976). Absent 'extraordinary circumstances,' we have usually found that due process requires predeprivation notice and a hearing. See

---

[1] The Buck case is found at 879 A.2d 157.

> Higgins [v. Beyer, 293 F.3d 683] at 694 [(3d Cir. 2002)]; Tillman, 221 F.3d at 421-22. While we may ultimately conclude, as the Pennsylvania Supreme Court did, that the existence of the statute and the proceedings attendant to sentencing provide sufficient notice and an opportunity to be heard to satisfy the requirements of due process, we are reluctant to address this issue without first hearing argument from the Commonwealth.

Doc. 51-2, pp. 4-5).

It is the defendants' position that "all of the pre-deprivation process due Hale was provided by the trial court which entered the order for restitution and/or costs against Hale." (Doc. 59, p. 5) (footnote omitted). Defendants elaborate as follows:

> Under 18 Pa. C.S. § 1106(c)(1)(i), the sentencing court is to require full restitution from a convicted felon regardless of ability to pay. In addition, 42 Pa. C. S. § 9721(c) requires the Court to order the defendant to pay victim damages. To make it certain that payments will be made, the Clerk of Courts is obligated to transmit orders for restitution, fines, and costs to the penal facility in which an inmate is housed. 42 Pa. C. S. § 9728(b)(3). The facility 'shall be authorized to make monetary deductions from inmate personal accounts for the purpose of collecting restitution or any other court ordered obligation.' 42 Pa. C. S. § 9728(b)(5).
>
> The question of whether an inmate has an obligation to pay is thus determined at the trial court level at the time of sentencing. The Pennsylvania Supreme Court noted that defendants received notice and have the opportunity to be heard at sentencing hearings during which they may 'present evidence to persuade the court not to impose fines, costs, and restitution.' Buck, supra, 583 Pa. at 436, 879 A.2d at 161. Thus, the question of whether or not Hale must pay has been decided by a court of competent jurisdiction during which Hale, through counsel, was given an opportunity to contest payment.

(Doc. 59, p. 6). The court agrees. Significantly, Section 9728(b) became effective more than five years prior to Hale's sentencing. See Buck, 879 A.2d at 158, n.2. Therefore, at the time of

5

his sentencing, despite Hale's arguments to the contrary, he was on notice of the DOC's authority to deduct funds from his inmate account. Additionally, at his sentencing hearing, Hale was afforded the opportunity to present evidence to persuade the court not to impose fines, costs and restitution. Id. at p. 160. And, while he argues that the manner and amount of restitution was not specified at his sentencing, and that the amounts set forth in the court documents, i.e. commitment papers, judgment, and docket sheet differ, he had the opportunity to appeal that portion of his sentence.[2] Due process "'is flexible and calls for such procedural protections as the particular situation demands'" in order to minimiz[e] the risk of error." Greenholtz v. Inmates of the Nebraska Penal and Corr. Complex, 442 U.S. 1, 12-13 (1979) (quoting Morrissey v. Brewer, 408 U.S. 471, 481 (1972). Because he was afforded both pre-deprivation notice and an opportunity to be heard, he was not entitled to an additional hearing prior to the deduction of monies from his inmate account pursuant to Act 84. See Montanez v. Beard, No. 04-2569, slip op. (M.D.Pa., July 12, 2006). As noted by the Court of Appeals, "Act 84, pursuant to which 'wages, salaries and commissions of individuals' may be attached '[f]or restitution to crime victims, costs, fines or bail judgments pursuant to an order entered by a court in a criminal proceeding'. . . permits the county correctional facility or Department of Corrections 'to make monetary deductions from inmate personal accounts for the purpose of collecting restitution or any other court-ordered obligation.'" (Doc. 51-2, p. 2, n. 1) (citing 42 Pa. Cons. Stat. Ann. §§ 8127(a)(5), 9728(b)(5) (West 2005).

---

[2] Although it is clear that Hale availed himself of the right to appeal, he does not divulge the issues raised in the appeal.

In concluding that the above procedures satisfies due process, the court is mindful of the balance between the private interest, government interest and the value of the available procedure in safeguarding against erroneous deprivation. See Tillman, 221 F.3d at 421; Mathews, 424 U.S. at 335.

The private interest would be limited to funds in the inmate's account. While the inmate may be burdened by the Act 84 deductions, which are limited to no more than twenty percent of the plaintiff's funds and may never be assessed when an inmate has less than $10.00, the burden is not so great as to outweigh the competing interests.

With respect to the government interest, the Buck Court succinctly set forth the public policy of the Commonwealth in ensuring payment of court-ordered obligations as follows:

> The public policy of the Commonwealth favors restitution. Section 1106(c)(1)(i) of the Crimes Code directs the court to order full restitution regardless of the financial resources of the defendant. Section 9721(c) of the Sentencing Code, 42 Pa.C.S. § 9721(c) provides that "the court shall order the defendant to compensate the victim of his criminal conduct for the damage or injury that he sustained." Consistent with this policy, the Legislature amended Section 9728 in 1998 by adding Section 9728(b)(3), to provide that the clerk of courts shall transmit orders for restitution, fines, and costs to the county correctional facility or Department of Corrections. It also added Section 9728(b)(5), which provides that the county correctional facility or Department of Corrections shall be authorized to make monetary deductions from inmate personal accounts for the purpose of collecting restitution or any other court-ordered obligation. The Legislature used the mandatory language shall in authorizing the deductions.

Buck, 583 Pa. at 436-37, 879 A.2d at 160-61. Further, the Buck court pointed out that in granting the DOC the power to collect court-ordered financial obligations from inmate accounts,

"the Legislature recognized that the deducted amounts were relatively small and that it was impractical and burdensome for trial courts to conduct an ability to pay hearing anytime the funds in an inmate's account fluctuated." Id. at p. 438, 879 A.2d at 161.

Lastly, the court finds the available procedure to be invaluable. The imposition of fines, costs and restitution occurs at the time of the sentencing hearing. The inmate has the benefit of counsel and the resources to dispute the amounts through the presentation of witnesses and other pertinent evidence. As concerns the DOC's role once the amounts are set by the court, the risk of erroneous deductions is unlikely because the deductions are routine and ministerial. Cf. Tillman, 221 F.3d at 422 ("The assessments and takings pursuant to the program involve routine matters of accounting, with a low risk of error.").

Defendants' motion will be granted as to this claim.

### 3. Eighth Amendment

Prohibited are punishments that "involve the unnecessary and wanton infliction of pain, or are grossly disproportionate to the severity of the crime." Tillman v. Lebanon County Corr. Facility, 221 F.3d 410, 417 (2000) (quoting Rhodes v. Chapman, 452 U.S. 337, 346 (1981)). Prison conditions may amount to cruel and unusual punishment if they cause "unquestioned and serious deprivations of basic human needs . . . [that] deprive inmates of the sminimal civilized measure of life's necessities." Rhodes, 452 U.S. at 347. Consequently, upon incarceration, the government assumes responsibility for satisfying basic human needs such as food, clothing, shelter, medical care, and reasonable safety. DeShaney v. Winnebago County Dep't of Social

Services, 489 U.S. 189, 199-200 (1989).

The Eighth Amendment prohibits officials from acting with "deliberate indifference" towards a "substantial risk of serious harm to an inmate." Farmer v. Brennan, 511 U.S. 825, 828, 832-34 (1994). A violation is established when a prison official "knows of and disregards an excessive risk to inmate health or safety." Id. at 837

Hale alleges that the deprivation of monies from his inmate account and the interference with his legal mail amounts to an Eighth Amendment violation. Such allegations simply do not constitute a substantial risk of serious harm to the inmate. As such, his Eighth Amendment claim is without merit.

4. First Amendment

An inmate's constitutional right of access to the courts is well-established. Bounds v. Smith, 430 U.S. 817, 821 (1977). It is "'meaningful access to the courts [that] is the touchstone'" of this right. Lewis v. Casey, 518 U.S. 343, 351 (1996) (citing Bounds, 430 U.S. at 823). However, in order to prevail on such a claim, it is necessary to allege an actual injury -- an instance in which the plaintiff was actually denied access to the courts. Lewis, 518 U.S. at 350-552; Peterkin v. Jeffes, 855 F.2d 1021, 1041 (3d Cir. 1988) (citing Hudson v. Robinson, 678 F.2d 462, 466 (3d Cir. 1982); Kershner v. Mazurkiewicz, 670 F.2d 440, 444 (3d Cir. 1982).

Hale contends that the mail policies and defendants' handling of his mail denied him access to the courts. Hale cannot prevail on such a claim since he has not alleged an actual injury-- an instance in which he was actually denied access to the courts. Lewis, 518 U.S. at

350-352.

However, inasmuch as Hale contends that the defendants' conduct violated the First Amendment in that it was in retaliation for him having pursued legal recourse, the motion is denied. The retaliation claim will proceed.

D. Conclusion

Defendants' motion to partially dismiss plaintiff's complaint will be granted in its entirety. Plaintiff's retaliation claim against defendants will proceed.

**II. Motion for Preliminary Injunction**

Preliminary injunctive relief is extraordinary in nature and should issue in only limited circumstances. See American Tel. and Tel. Co. v. Winback and Conserve Program, Inc., 42 F. 3d 1421, 1426-27 (3d Cir. 1994). "Four factors govern a district court's decision whether to issue a preliminary injunction: (1) whether the movant has shown a reasonable probability of success on the merits; (2) whether the movant will be irreparably injured by denial of the relief; (3) whether granting preliminary relief will result in even greater harm to the nonmoving party; and (4) whether granting the preliminary relief will be in the public interest. American Civil Liberties Union of New Jersey v. Black Horse Pike Regional Bd. of Educ., 84 F.3d 1471, 1477 n. 2 (3d Cir. 1996) (en banc ). See also Allegheny Energy, Inc. v. DQE, Inc., 171 F.3d 153, 158 (3d Cir. 1999). 'A district court should endeavor to balance these four factors to determine if an injunction should issue.' Allegheny Energy, 171 F.3d at 158 (citing American Civil Liberties Union of New Jersey, 84 F.3d at 1477 n. 2.)." Brian B. v. Commonwealth of Pennsylvania Dept. of Educ. 51 F. Supp. 2d 611, 619 -620 (E.D.Pa. 1999). "[A] failure to show a likelihood of

success or a failure to demonstrate irreparable injury must necessarily result in the denial of a preliminary injunction." In Re Arthur Treacher's Franchise Litigation, 689 F.2d 1137, 1143 (3d Cir. 1982). It is the moving party that bears the burden of satisfying these factors. United States v. Bell, 238 F.Supp. 2d 696, 699 (M. D. Pa. 2003)(internal citations omitted). Moreover, issuance of such relief is at the discretion of the trial judge. Orson, Inc. v. Miramax Film Corp., 836 F. Supp. 309, 311 (E. D. Pa. 1993).

"In the prison context, requests for injunctive relief must always be viewed with great caution because judicial restraint is especially called for in dealing with the complex and intractable problems of prison administration. . . . Further where a plaintiff requests injunctive relief that would require the court to interfere with the administration of a state prison, the court must consider the principles of federalism in determining the availability and scope of equitable relief." Riley v. Snyder, 72 F. Supp. 2d 456, 459 (D.Del. 1999).

Given that Hale's request for preliminary injunctive relief emanates from his denial of access to the courts claim, and that no merit has been found to the access to courts claim, the motion will be denied for failure to establish a likelihood of success on the merits.

An appropriate order will issue.

BY THE COURT:

JUDGE JAMES M. MUNLEY
United States District Court

Dated: October 11, 2006

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TIMOTHY A. HALE,<br>    **Plaintiff,** | : | CIVIL ACTION NO. 3:CV-04-2704 |
| | : | |
| | : | (Judge Munley) |
| v. | : | |
| | : | |
| PENNSYLVANIA DOC, ET AL.,<br>    **Defendants** | : | |

## ORDER

AND NOW, to wit, this 11th day of October 2006, upon consideration of defendants' motion to partially dismiss (Doc. 57) plaintiff's complaint, it is hereby ORDERED that:

1. The motion (Doc. 57) is GRANTED.

2. All claims, with the exception of plaintiff's retaliation claim, are DISMISSED.

3. Defendants shall file an Answer to plaintiff's retaliation claim or an appropriate pre-trial motion within twenty (20) days of the date of this Order.

4. Plaintiff's motion for a preliminary injunction (Doc. 61) is DENIED.

BY THE COURT:

_____
JUDGE JAMES M. MUNLEY
United States District Court